# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| DARVIS LAKEITH ALLEN, § | |
|     PLAINTIFF, § | |
| § | |
| V. § | CIVIL CASE NO. 3:22-CV-2030-M-BK |
| § | |
| SOCIAL SECURITY ADMINISTRATION, § | |
| ET AL., § | |
|     DEFENDANTS. § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITH PREJUDICE** as frivolous.

## I. BACKGROUND

On September 13, 2022, Darvis Lakeith Allen, a Dallas resident, filed a *pro se* complaint against the Social Security Administration, Officer River, Nurse Erica Chultz, Sergeant Moore, Dr. Hamilton, Parole Office Contessa Smith, and Parole Supervisor Joyce Robbin. Doc. 3 at 1. His allegations are rambling, largely incoherent, and border on the fantastic and delusional. While he lists several constitutional amendments and criminal law provisions, Allen fails to state a cause of action or allege any coherent facts from which the Court can discern a cognizable cause of action. Doc. 3 at 4-7.

Specifically, Allen complains that the Social Security Administration failed to protect his constitutional rights and states he was "bonded to a social security number with territorial

jurisdiction[] which I the plaintiff by law to be tax liable before I was of age to make decisions of my own or like thereof using government identification[] documents." Doc. 3 at 6. He further avers that he

> is suffering from a severe forms of human trafficking based on government identifications forms, document, which is the cause of I the plaintiff in a financial crisis, complete debt bondage, imprisonment, pursuant to Title 18 chapter 77 human trafficking laws that were set to prevent the non-human cruelty of such activity or conduct.

Doc. 3 at 6 (errors in original).

Allen adds:

> I the plaintiff also submit underlying facts of illegitimate documents patternized, in a disguise of trickery treacherous intent knowingly and maliciously to cause I the plaintiff serious bodily harm, debt bondage, and involuntary servitude supporting facts are with all seven claims of I the plaintiff ask the court to grant relief of I the plaintiff constitutional rights to be free of or there like of.

Doc. 3 at 7 (errors in original).

Allen seeks five million dollars in damages as a result of the alleged human trafficking and the government using identification documents that keep him "in debt bondage and suffering physical, mental, [and] financial[] sorrow." He also seeks to be freed from the alleged constitutional violations. Doc. 3 at 8-9.

With his complaint, Allen encloses voluminous attachments (over 70 pages), consisting primarily of documents related to his state criminal prosecutions, medical treatment, parole violation proceedings, and prior confinement at the Dallas County Jail and the Texas Department of Criminal Justice. Doc. 3-1; Doc. 3-2. Allen also filed a supplemental pleading reiterating the constitutional and criminal law violations previously alleged. Doc. 6 at 1-3. He adds that Smith and Robbins, his parole officers, falsified documents, and as a result, he was detained three times

under different false charges and was forcibly administered medications. Doc. 6 at 2-3. With his supplemental pleading, Allen encloses over 40 pages of supporting documents.

Despite his lengthy allegations and many supporting documents, as stated previously, Allen fails to present a cognizable federal claim and his factual contentions are both delusional and deficient. Thus, this action should be dismissed as frivolous.

## II. ANALYSIS

The Court takes judicial notice that Allen was recently granted leave to proceed *in forma pauperis* in two recent cases in the Dallas Division. *See Allen v. Smith*, No. 3:22-CV-1642-G-BH; *Allen v. City of Dallas*, No. 3:22-CV-1693-G-BH. Thus, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides among other things for the *sua sponte* dismissal of a complaint if the Court finds that it is frivolous or malicious. A complaint is frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33.

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Allen has failed to state a cognizable legal claim or anything that can be construed as such. He also offers no legal authority and, as illustrated here, his factual contentions are clearly

baseless and inadequate to support any cognizable claim and appear irrational and incredible. *See Denton*, 504 U.S. at 33.

Further, to the extent that Allen alleges criminal law violations, his request lacks any legal basis. *See* Doc. 3 at 4 (citing among others 18 U.S.C. § 242 and 18 U.S.C. §§ 1592 and 1597); Doc. 6 at 1-2 (same). Criminal statutes do not create a private right of action. For a private right of action to exist under a criminal statute, there must be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Cort v. Ash*, 422 U.S. 66, 79 (1975), *overruled in part by Touche Ross & Co. v. Redington*, 442 U.S. 560 (1979); *see Suter v. Artist M.*, 503 U.S. 347, 363 (1992) (party who seeks to imply a private right of action bears the burden to show that Congress intended to create one). Allen has pled nothing that would even come close to meeting that burden. Moreover, "decisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, and, as a private citizen, [the plaintiff] has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute." *Gill v. Texas*, 153 F. App'x 261, 262-63 (5th Cir. 2005).

Consequently, Allen's complaint should be dismissed with prejudice as factually and legally frivolous.

**III. LEAVE TO AMEND**

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). As discussed here Allen has failed to state or suggest a cognizable claim or any facts from which a cognizable claim can be inferred. Based on the most deferential review of his complaint, it is highly unlikely that, given the opportunity, Allen could

allege cogent and viable legal claims. Thus, the Court concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

### IV. CONCLUSION

For all these reasons, it is recommended that Allen's complaint be **DISMISSED WITH PREJUDICE** as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED** on January 10, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).